United States Bankruptcy Court
Eastern District of New York

In re:                                           Case No. 22-43064-ess
Fraleg Jefferson Corp.                           Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0207-1      User: admin      Page 1 of 1
Date Rcvd: Dec 28, 2022      Form ID: pdfall      Total Noticed: 4

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 30, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Fraleg Jefferson Corp., 128 Hancock Street, Brooklyn, NY 11216-1906 |
| 10137053 | + | Andy Alege, 195 St. James Place, Brooklyn NY 11238-7385 |
| 10137051 | + | IRP Fund II Trust 2A, 1155 F Street NW, Suite 1075, Washington DC 20004-1355 |
| 10137052 | + | Krishawn Sampson, 969 E. 104 Street, Brooklyn NY 11236-2815 |

TOTAL: 4

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 30, 2022      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 28, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Francis E Hemmings | on behalf of Debtor Fraleg Jefferson Corp. general@hemmingssnell.com fhemmings@gmail.com |
| Office of the United States Trustee | USTPRegion02.BR.ECF@usdoj.gov |

TOTAL: 2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
In re:

Fraleg Jefferson Corp.                                             Chapter 11

                                               Case No. 1-22-43064-ess
                         Debtor.
--------------------------------------------------------------x

## ORDER SCHEDULING INITIAL CASE MANAGEMENT CONFERENCE

Fraleg Jefferson Corp. (the "Debtor") having filed a petition for reorganization under chapter 11 of the Bankruptcy Code on December 8, 2022, and the Court having determined that a Case Management Conference will aid in the efficient conduct and proper administration of the case, it is hereby

**ORDERED**, pursuant to 11 U.S.C. § 105(d), that a Case Management Conference via video will be conducted by the undersigned Bankruptcy Judge in Courtroom 3585, United States Bankruptcy Court, 271- C Cadman Plaza East, Brooklyn, New York 11201-1800, on February 10, 2023 at 10:30 a.m., and it is further

**ORDERED**, that the Debtor, or an authorized representative of the Debtor, and counsel for the Debtor, shall be present at this Case Management Conference and shall be prepared to discuss, as applicable, at the Court's direction, the following matters:

1. the nature of the Debtor's business and the reason for the chapter 11 filing;

2. the Debtor's current financial condition, including post-petition operations and revenue;

3. debtor-in-possession financing;

4. the use of cash collateral;

5. any significant motions which the debtor anticipates bringing before the Court including, but not limited to, sale motions;

6. matters relating to the retention of professionals (including any brokers or appraisers);

7. the status of any litigation involving the Debtor;

8. the status of the Debtor's insurance;

9. deadlines for the filing of claims and a plan and disclosure statement;

10. the use of alternative dispute resolution, if appropriate;

11. if this is a single asset real estate case, whether the Debtor intends to file a plan within the time allotted pursuant to § 362(d)(3), or whether the Debtor intends to commence adequate protection payments;

12. if this is a small business case, whether the Debtor anticipates being able to satisfy the deadlines provided by § 1121(e);

13. if this is an individual case, all issues unique to individual chapter 11 cases;

14. the scheduling of additional Case Management Conferences; and

15. any other case administrative matters, and it is further

**ORDERED**, that the Debtor shall file with the Court, and serve upon the Office of the United States Trustee, monthly operating reports during the pendency of this case; that the operating reports shall be in the form prescribed by the Office of the United States Trustee's Operating Guidelines and Reporting Requirements for Debtor-in-Possession and Trustees for cases pending in this District; and that the operating reports shall be served and filed on or before the 20th day of the month following the reporting period, and it is further

**ORDERED**, that unexcused failure to attend any Case Management Conference or to file timely monthly operating reports in compliance with this Order may constitute cause for conversion of this case to chapter 7 or dismissal of this case pursuant to 11 U.S.C. § 1112, and it

is further

**ORDERED**, that the Clerk of the Court give notice of this Order to the Debtor, its counsel, the United States Trustee and all creditors and parties in interest, and it is further

**ORDERED**, that this hearing will be conducted remotely, via video. It is not necessary to request prior authorization to appear remotely. All participants, including attorneys, clients, and pro se parties, may register to appear remotely as follows:

**Please register with eCourt Appearances at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl at least two business days before the scheduled hearing. To register, please provide your name, address, e-mail address, telephone number to be used on the hearing date, and if appropriate, the party that you represent. You will receive instructions how to access the hearing via email two business days before the hearing.**

**On your hearing date, please connect at least ten minutes before your scheduled hearing time, and keep your audio and video on mute until your case is called.**



Dated: Brooklyn, New York
December 28, 2022

_____
Elizabeth S. Stong
United States Bankruptcy Judge