UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                                                  Case No. 22-43064-ess

    FRALEG JEFFERSON CORP.,                                   Chapter 11

                    Debtor.
----------------------------------------------------------X

## APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION, FOR ENTRY OF A BAR DATE ORDER

**TO:**   **THE HONORABLE ELIZABETH S. STRONG,**
       **UNITED STATES BANKRUPTCY JUDGE:**

As and for the application (the "**Application**") of Fraleg Jefferson Corp., (the "**Debtor**" or "**Debtor-in-Possession**"), the Debtor by and through her attorneys, Francis E. Hemmings PLLC, respectfully sets forth and represents as follows:

1.   On December 8, 2022, (the "**Filing Date**") the Debtor filed a Voluntary Chapter 11 petition. Thereafter, the Debtor has been in possession and management of its property pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.   The Debtor will be filing a proposed Plan of Reorganization and Disclosure Statement. In order to properly administer this case, it is important to be able to assess the Debtor's liabilities with certainty. The Debtor is submitting this Application for an order fixing a bar date, as the last date upon which all entities, including individuals, partnerships, corporations, estates, trusts, and governmental units, who are asserting a claim, either secured or unsecured, including all administrative expenses, except for those due professionals whose retention has been authorized by Court order, to file claims or otherwise be barred from participating in a distribution of assets of the estate.

3.   The Debtor also proposes that the Notice of the bar date be served upon all creditors at least 35 days before the bar date.

**WHEREFORE**, your applicant, respectfully requests this Court enter an Order requiring all holders of claims or interests, either not scheduled or scheduled as disputed, contingent or unliquidated, to file proofs of claim with the Clerk of the Bankruptcy Court for the Eastern District of New York on or before the bar date to be set forth by the Court, or forever be barred from being treated as a creditor with respect to such claim for the purpose of voting or distribution, together with such other, further and different relief as this Court deems just, proper, and equitable.

Dated: February 5, 2025
       New York, New York

                                Law Offices of Francis E. Hemmings PLLC
                                Attorneys for the Debtor and Debtor-in-Possession

                By:    /s/*FrancisE.Hemmings*
                          Francis E. Hemmings
                          228-18 Mentone Avenue
                          Laurelton, New York 11413
                          (212) 747-9560
                          fhemmings@gmail.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                                              Chapter 11

Fraleg Jefferson Corp.,                                               Case No:  22-43064-ess

                                          Debtor.
---------------------------------------------------------X

## ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM, APPROVING THE FORM AND MANNER OF NOTICETHEREOF

Upon the application of Fraleg Jefferson Corp., the above-captioned debtor and debtor in possession (the "Debtor") for an order, pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3003(c)(3), fixing a deadline and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interests of the Debtor, its estate, and creditors and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

**ORDERED**, that, except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in Section 101(5) of title 11 of the United States Code (the "Bankruptcy Code"), against the Debtor which arose on or prior to the filing of the Chapter 11 petition on December 8, 2022, shall file a proof of such claim in writing or electronically on the Court's website at www.nyeb.uscourts.gov so that it is received on or before **June 6, 2023**; and it is further

**ORDERED**, that notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed June 6, 2023, the first business day that is 180 days after the order for relief entered in this case; and it is further

**ORDERED**, that the following procedures for the filing of proofs of claim shall apply:

(a) Proofs of claim must conform substantially to Official Bankruptcy Form No. 410;

(b) Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("**CM/ECF**") system. Those without accounts with the CM/ECF system may electronically create and file proofs of claim through the "File A Proof of Claim" link on the Court's website at www.nysb.uscourts.gov or by mailing or delivering the original proof of claim to the United States Bankruptcy Court, Eastern District of New York, Conrad B. Duberstein U.S. Bankruptcy Courthouse, 271 Cadman Plaza East, Suite 1595, Brooklyn, New York 11201-1800. Those without accounts to the CM/ECF system can also file proofs of claim electronically at: www.nyeb.uscourts.gov/electronic-filing-proof-claim-epoc by selecting "File a Claim." This application does not require a login and password;

(c) Proofs of claim will be deemed filed only when <u>received</u> by the Clerk of the BankruptcyCourt on or before the Bar Date;

(d) Proofs of claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and, (iv) be denominated in United States currency; and it is further

**ORDERED**, that the following persons or entities need not file a proof of claim on or prior to the Bar Date:

(a) Any person or entity that has already filed a proof of claim against the Debtor in this case with the Clerk of the Bankruptcy Court for the Eastern District of New York in a form substantially similar to Official Bankruptcy Form No. 410;

(b) Any person or entity whose claim is listed on the Schedules of Assets and Liabilities filed by the Debtor (collectively, the "Schedules") [Docket Entry No. 1], if (i) the claim is not scheduled as "disputed," "contingent" or "unliquidated"; and (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules; [and (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules];

(c) Any holder of a claim that has already been allowed in this case by order of the Court;

(d) Any holder of a claim for which a different deadline for filing a proof of claim in this case has already been fixed by this Court; or

(e) Any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate; and it is further

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the later of the Bar Date or the date that is 30 days after the date of the order authorizing such rejection, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED**, that holders of equity security interests in the Debtor need not file proofs of interest with respect to the ownership of such interests, but if any such holder has a claim against the Debtor (including a claim relating to an equity interest or the purchase or sale of the equity interest), a proof of claim shall be filed on or prior to the Bar Date; and it is further

**ORDERED**, that if the Debtor amends or supplements the Schedules after the date of this Order, the Debtor shall give notice of any amendment or supplement to the holders of claims affected thereby, and holders of such claims shall have 30 days from the date of service of the notice to file proofs of claim and shall be given notice of that deadline; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), all holders of a claim that fails to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to that claim for purposes of voting and distribution; and it is further

**ORDERED**, that notice of the Bar Date substantially in the form annexed hereto is approved and shall be deemed adequate and sufficient if served by first-class mail at least 35 days prior to the Bar Date on:

    (a)    the United States Trustee;

    (b)    counsel to each official committee;

    (c)    All persons or entities that have requested notice of the proceedings in this case;

    (d)    All persons or entities that have filed claims in this case;

(e) All creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

(f) All parties to executory contracts and unexpired leases of the Debtor;

(g) All parties to litigation with the Debtor;

(h) The Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units; and it is further

**ORDERED**, that the Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that entry of this Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

_____

**UNITED STATES BANKRUPTCY JUDGE**

# Exhibit "A"

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
─────────────────────────────────X

In re                                                                 Chapter 11

                                                                      Case No: 22-43064-ess

**FRALEG JEFFERSON CORP.,**

                                    **Debtor**
─────────────────────────────────X

**NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF**
**CLAIM ON OR BEFORE JUNE 6, 2023**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST**
**FRALEG JEFFERSON CORP.**

      The United States Bankruptcy Court for the Eastern District of New York has entered an Order establishing June 6, 2023 (the "**Bar Date**") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim against Fraleg Jefferson Corp. (the "**Debtor**").

      The Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtor that arose prior to December 8, 2022 (the "**Filing Date**"), the date on which the Debtor commenced a case under chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), except for those holders of the claims listed in Section 4 below that are specifically excluded from the Bar Date filing requirement.

1.  **WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim to vote on a Chapter 11 plan filed by the Debtor or to share in distributions from the Debtor's bankruptcy estate if you have a claim that arose prior to the Filing Date, and it is not one of the types of claim described in Section 4 below. Claims based on acts or omissions of the Debtor that occurred before the Filing Date must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2.  **WHAT TO FILE**

Your filed proof of claim must conform substantially to Official Form No. 410, a copy of which is annexed to this Notice. Additional proof of claim forms may be obtained at www.uscourts.gov/forms/bankruptcy-forms.

The proof of claim form must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency. You must attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary).

Your proof of claim form shall not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

3. **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be received **on or before June 6, 2023**.

Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) shall file proofs of claim electronically on the Court's Case Management/Electronic Case File ("**CM/ECF**") system. Those without accounts to the CM/ECF system shall file their proofs of claim by mailing or delivering the original proof of claim to the Court at the address provided below:

>United States Bankruptcy Court
>Eastern District of New York
>Conrad B. Duberstein U.S. Bankruptcy Courthouse
>271 Cadman Plaza East, Suite 1595
>Brooklyn, NY 11201-1800

---

A proof of claim will be deemed timely filed only when <u>received</u> by the Bankruptcy Court on or before the Bar Date. A proof of claim may not be delivered by facsimile, telecopy or electronic mail transmission.

Governmental units may have until June 20, 2023, the date that is 180 days after the order for relief, to file proofs of claim.

4. **WHO NEED NOT FILE A PROOF OF CLAIM**

You do **not** need to file a proof of claim on or before the Bar Date if you are:

(a) A person or entity that has already filed a proof of claim against the Debtor in this case with the Clerk of the Bankruptcy Court for the Eastern District of New York in a form substantially similar to Official Bankruptcy Form No. 410;

(b) A person or entity whose claim is listed on the Schedules of Assets and Liabilities filed by the Debtor (collectively, the "**Schedules**") [Docket Entry No. 1] if (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii) you agree with the amount, nature and priority of the Claim as set forth in the Schedules [and (iii) you do not dispute that your claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules];

(c) A holder of a claim that has already been allowed in this case by order of the Court;

(d) A holder of a claim for which a different deadline for filing a proof of claim in this case has already been fixed by this Court; or

(e) A holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate.

If you are a holder of an equity interest in the Debtor, you need not file a proof of interest with respect to the ownership of such equity interest at this time. But, if you assert a claim against the Debtor, including a claim relating to your equity interest or the purchase or sale of that interest you must file a proof of claim on or prior to the Bar Date in accordance with the procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid claim against the Debtor. The fact that you have received this Notice does not mean that you have a claim, or that the Debtor or the Court believes that you have a claim against the Debtor.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before June 6, 2023, the date of entry of the Bar Order, you must file a proof of claim based on such rejection on or before the later of the Bar Date or the date that is 30 days after the date of the order authorizing such rejection. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Order, you must file a proof of claim with respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

6. **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM, WILL BE BARRED FROM ASSERTING ITS CLAIM AGAINST THE DEBTOR AND ITS CHAPTER 11 ESTATE, VOTING ON ANY PLAN OF REORGANIZATION FILED IN THIS CASE, AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CHAPTER 11 CASE ON ACCOUNT OF THAT CLAIM.

**7.     THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules. If you agree with the nature, amount and status of your claim as listed in the Debtor's Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you do not need to file a proof of claim. Otherwise, you must file a proof of claim before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtor's Schedules are available for inspection on the Court's Internet Website at www.nyeb.uscourts.gov.  A login and password of the Court's Public Access to Electronic Court Records ("PACER") are required to access this information can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov. Copies of the Debtor's Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday thru Friday at the Office of the Clerk of the Bankruptcy Court

Copies of the Debtor's Schedules are available for inspection on the Court's Internet Website at www.nyeb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("**PACER**") are required to access this information and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov. Copies of the Debtor's Schedules may also be examined between the hours of 9:00 a.m. an d 4:30 p.m. Monday through Friday at the Office of the Clerk of the Bankruptcy Court, Conrad B. Duberstein U.S. Bankruptcy Courthouse, 271 Cadman Plaza East, Brooklyn, NY 11201-1800. Copies of the Debtor's Schedules may also be obtained by written request to the Debtor's counsel at the address and telephone number set forth below:

Francis E. Hemmings, Esq.
Law Offices of Francis E. Hemmings PLLC
228-18 Mentone Avenue
Laurelton, NY 10005
(212) 747-9560

**If you are unsure about any of these matters, including whether you should file a proof of claim, you may wish to consult an attorney.**

Dated: February 5, 2023
      New York, New York                 **BY ORDER OF THE COURT**

*/S/ Francis E. Hemmings*
_____

COUNSEL FOR THE DEBTOR
AND DEBTOR IN POSSESSION
Francis E. Hemmings, Esq.
Law Offices of Francis E. Hemmings PLLC
228-18 Mentone Avenue
Laurelton, NY 11413
Tel.: (212) 747-9560

**Fill in this information to identify the case:**

Debtor 1 _____

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of _____

Case number _____

Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

1. **Who is the current creditor?**
   _____
   Name of the current creditor (the person or entity to be paid for this claim)

   Other names the creditor used with the debtor   _____

2. **Has this claim been acquired from someone else?**
   ☐ No
   ☐ Yes.  From whom? _____

3. **Where should notices and payments to the creditor be sent?**

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
   |---|---|
   | _____<br>Name | _____<br>Name |
   | _____<br>Number          Street | _____<br>Number          Street |
   | _____<br>City                         State              ZIP Code | _____<br>City                         State              ZIP Code |
   | Contact phone   _____ | Contact phone   _____ |
   | Contact email   _____ | Contact email   _____ |

   Uniform claim identifier for electronic payments in chapter 13 (if you use one):

   __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

4. **Does this claim amend one already filed?**
   ☐ No
   ☐ Yes.  Claim number on court claims registry (if known) _____               Filed on  _____
                                                                                                                                                                                                                                 MM   /   DD    /   YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**
   ☐ No
   ☐ Yes.  Who made the earlier filing?  _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

6. **Do you have any number you use to identify the debtor?**
   ❑ No
   ❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7. **How much is the claim?**   $_____. **Does this amount include interest or other charges?**
   ❑ No
   ❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

   Limit disclosing information that is entitled to privacy, such as health care information.

   _____

9. **Is all or part of the claim secured?**
   ❑ No
   ❑ Yes.  The claim is secured by a lien on property.

   **Nature of property:**
   ❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
   ❑ Motor vehicle
   ❑ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property**:                $_____
   **Amount of the claim that is secured:**   $_____

   **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**   $_____

   **Annual Interest Rate** (when case was filed)_____%
   ❑ Fixed
   ❑ Variable

10. **Is this claim based on a lease?**
    ❑ No
    ❑ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

11. **Is this claim subject to a right of setoff?**
    ❑ No
    ❑ Yes. Identify the property: _____

| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ❑ No | |
|---|---|---|---|
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ❑ Yes. *Check one:* | **Amount entitled to priority** |

❑ Domestic support obligations (including alimony and child support) under
11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $_____

❑ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $_____

❑ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier.
11 U.S.C. § 507(a)(4).  $_____

❑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $_____

❑ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $_____

❑ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.  $_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

❑ I am the creditor.

❑ I am the creditor's attorney or authorized agent.

❑ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

❑ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                  MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name  _____
      First name            Middle name              Last name

Title  _____

Company  _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
         Number       Street

         _____
         City                                    State       ZIP Code

Contact phone  _____    Email  _____

[Print]  [Save As...]  [Add Attachment]  [Reset]