UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                                  Case No. 1-22-43064-ESS
                                                                              Chapter 11

    Fraleg Jefferson Corp.

                           Debtor
---------------------------------------------------------X

**NOTICE OF MOTION FOR AN ORDER PURSUANT TO
11 U.S.C. § 362(d) GRANTING RELIEF FROM THE AUTOMATIC STAY**

        **PLEASE TAKE NOTICE** that a hearing will be held to consider the motion of IRP FUND II TRUST 2A, by its servicer BSI FINANCIAL SERVICES, by its attorney Barry M. Weiss, for an order pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure (i) granting relief from the automatic stay, imposed by 11 U.S.C. § 362(a) pursuant to FRBP 4001, 11 U.S.C. §§ 105(a), and 362(d)(1) and 362(d)(1), permitting Movant leave to take any and all action under applicable state law to exercise its remedies against the property located at **15 Jefferson Avenue, Brooklyn, NY 11238** (hereinafter the "Property"); (ii) granting $550.00 in reasonable attorney's fees and $188.00 for the filing fee necessary to bring the Motion; and (iii) for such other further and different relief as may seem just, proper and equitable.  The hearing will be held before this Court as set forth below:

| | |
|---|---|
| U.S. Bankruptcy Judge: | Honorable Elizabeth S. Stong |
| U.S. Courthouse: | U.S. Bankruptcy Courthouse<br>Conrad B. Duberstein U.S. Courthouse<br>271-C Cadman Plaza East<br>Brooklyn, NY 11201-1800 |
| Return Date and Time: | March 16, 2023 at<br>10:30AM |

Dated: February 16, 2023        Pincus Law Group, PLLC
       Uniondale, New York

                                       By:    /s/ Barry M. Weiss
                                               Barry M. Weiss
                                               Attorneys for Movant
                                               425 RXR Plaza
                                               Uniondale, New York 11556
                                               (516) 699-8902

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                                                                    Case No. 1-22-43064-ESS
                                                                                                              Chapter 11

     Fraleg Jefferson Corp.

                                Debtor
--------------------------------------------------------X

## AFFIRMATION IN SUPPORT OF
## <u>MOTION FOR RELIEF FROM AUTOMATIC STAY</u>

        Barry M. Weiss, an attorney admitted to practice before the Eastern District of New York Bankruptcy Court, hereby affirms under penalty of perjury that:

        1.     I am an associate with the firm of Pincus Law Group, PLLC, the attorneys for IRP FUND II TRUST 2A, by its servicer BSI FINANCIAL SERVICES (hereinafter, **"Movant"**). I am familiar with the facts set forth herein based upon information and documentation supplied to me by Movant. I make this affirmation in support of the motion of Movant for an Order: (i) pursuant to 11 U.S.C. § 362(d) providing that the automatic stay imposed by 11 U.S.C. § 362(a) be modified and terminated to permit Movant, its successors, agents, or assigns, to pursue their rights under the Note and Mortgage, as more particularly described in the Motion, and under applicable law, including, without limitation, the consummation of foreclosure proceedings with respect to the premises located at **15 Jefferson Avenue, Brooklyn, NY 11238** (hereinafter, the "Property") by virtue of Rules 4001 and 9014 of the Federal Rule of Bankruptcy Procedure and § 362(d)(1) and § 362(d)(2) of the Bankruptcy Code; (ii) granting $550.00 in reasonable attorney's fees and $188.00 for the filing fee necessary to bring the Motion, and (iii) granting Movant such other further and different relief as may seem just, proper and equitable.

2. The Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Fraleg Jefferson Corp. (the "**Debtor**") for the purpose of securing to TAM Lending Center, Inc. (hereinafter, the "Original Mortgagee") payment of the principal sum of $1,800,900.00, with interest thereon, on or about December 10, 2019 for a valuable consideration, executed and delivered to the Original Mortgagee a note dated on that day (hereinafter "Note"), whereby the Debtor undertook and promised to pay to the Original Mortgagee the principal sum and interest thereon at the rate provided for therein. The Note is annexed hereto as Exhibit "A".

4. As collateral security for the payment of indebtedness, the Debtor executed and delivered to the Original Mortgagee a mortgage (hereinafter "Mortgage") dated December 10, 2019, and recorded in the office of the City Register of the City of New York, State of New York on January 6, 2020 in CRFN: 2020000003495. The Mortgage is annexed hereto as Exhibit "B".

5. The Note was endorsed in blank and delivered to Movant. *See* Exhibit "A".

6. The Mortgage was assigned to IRP FUND II TRUST 2A, by Assignment of Mortgage dated December 10, 2019, recorded in the City Register of the City of New York, State of New York on December 9, 2020 in CRFN: 202000035067. *See:* Exhibit "C".

7. Movant is the present owner and holder of the Note and Mortgage on the Property.

8. The Mortgage constitutes a lien upon the Property.

9. The Debtor defaulted under the Note and Mortgage by failing to timely pay the payment due on or before March 1, 2020, and the default is continuing.

10. The final payment on the Note and Mortgage was due in January of 2021, and therefore the Note and Mortgage matured and was due to be paid in full in January of 2021.

11. Movant, as holder of the Note and Mortgage, commenced a foreclosure action with respect to the Note and Mortgage and desires to continue its action to foreclose upon the Mortgage.

12. On December 8, 2022, the Debtor filed a voluntary petition for relief with the Court pursuant to Chapter 11 of the Bankruptcy Code. By reason of the Debtor having filed the Petition, Movant, the holder of the Note and Mortgage, is presently stayed from proceeding with any action under applicable state law to exercise its remedies against the Property.

13. Annexed hereto as Exhibit "D" is the Relief from Stay - Real Estate and Cooperative Apartments (the "Bankruptcy Worksheet"), as required by General Order 347 of this Court.

14. Movant should be granted relief from the Automatic Stay for the following reasons:

(a) there is a lack of adequate protection of the Movant's interest due, among other things, the Debtor's failure to make monthly payments to Movant which establishes sufficient cause to grant it relief from the Automatic Stay, 11 U.S.C. § 362(d)(1).

(b) the Debtors do not have any equity in such property, 11 U.S.C. § 362(d)(2).

## THERE IS NO EQUITY IN THE PREMISES

15. The amount due on the Note and Mortgage as of the date of the petition of December 8, 2022 is $3,549,707.40. According to an appraisal of the property conducted, and prepared on or about November 22, 2022, the fair market value of the property is $2,150,000.00.

16. Therefore, the Movant is entitled to relief from the automatic stay because the elements of § 362(d)(2) are met. No equity remains in the Premises because the outstanding obligation owed to the Movant exceeds the value of the Premises and the Premises is not necessary to an effective reorganization as this is a Chapter 11 case. § 362 (d)(2) provides that the automatic stay should be terminated where the Debtor does not have any equity in such property and such property is not necessary to an effective reorganization.

17. It is respectfully submitted that cause exists to vacate the automatic stay as the Debtors are in default under the terms and provisions of the Note and Mortgage. The Movant's interest in the Premises would not be adequately protected should the automatic stay remain in place, the Debtor has no equity in the property and the property is not necessary to an effective reorganization.

## CONCLUSION

18. As a result of the Debtor's default on the Note and Mortgage, Movant has been required to protect its security interest by the filing of this Motion and is therefore entitled to the attorney's fees and costs of this Motion. Moreover, the mortgage held by Movant provides that the Debtor shall pay to it all sums expended by it due to the default, including reasonable attorney's fees. Movant has expended the following sums in relation to the Motion: $550.00 in reasonable attorney's fees and a $188.00 filing fee.

19. It is evident from all of the above that the Movant is entitled to relief from the Automatic Stay. Accordingly, Movant requests that the Proposed Order, annexed hereto as Exhibit "E", be signed as submitted and entered on the docket. The Proposed Order was served on all interested parties.

**WHEREFORE**, it is respectfully requested that an Order be issued vacating the Automatic Stay by virtue of 11 U.S.C. § 362(d)(1) and 11 U.S.C. § 362(d)(2) as to Movant; granting Movant, its agents, assigns or successors in interest leave to take any and all action under applicable state law to exercise its remedies against the Property; granting attorney fees and costs; and for such other further and different relief as may seem just, proper and equitable.

Dated: February 16, 2023          PINCUS LAW GROUP, PLLC
       Uniondale, NY

                                           By:/s/ Barry M. Weiss
                                           Barry M. Weiss
                                           Attorneys for Movant
                                           425 RXR Plaza
                                           Uniondale, New York 11556
                                           (516) 699-8902