# EXHIBIT B

| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER | |
|---|---|
| This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | |

## RECORDING AND ENDORSEMENT COVER PAGE
**PAGE 1 OF 21**

**Document ID:** 2019122600446002  **Document Date:** 12-10-2019  **Preparation Date:** 12-27-2019
**Document Type:** MORTGAGE
**Document Page Count:** 20

| PRESENTER: | RETURN TO: |
|---|---|
| OMNI TITLE AGENCY<br>6800 JERICHO TURNPIKE, SUITE 212E<br>1904-2972209<br>SYOSSET, NY 11791<br>516-621-1100<br>GIO@OMNITITLE.COM | OMNI TITLE AGENCY<br>6800 JERICHO TURNPIKE, SUITE 212E<br>1904-2972209<br>SYOSSET, NY 11791<br>516-621-1100<br>GIO@OMNITITLE.COM |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1995 | 34 | Entire Lot | 15 JEFFERSON AVENUE |

**Property Type:** DWELLING ONLY - 3 FAMILY

### CROSS REFERENCE DATA

CRFN_____ or DocumentID_____ or _____ Year_____ Reel____ Page_____ or File Number_____

### PARTIES

| MORTGAGOR/BORROWER: | MORTGAGEE/LENDER: |
|---|---|
| FRALEG JEFFERSON CORP<br>198 SAINT JAMES PLACE<br>BROOKLYN, NY 11238 | TAM LENDING CENTER, INC.<br>1814 ROUTE 70 E, SUITE 200<br>CHERRY HILL, NJ 08003 |

### FEES AND TAXES

| Mortgage: | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 1,800,900.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 1,800,900.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 9,004.50 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 20,260.13 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 4,502.25 | | | |
| MTA: | $ | 5,402.70 | | | |
| NYCTA: | $ | 0.00 | | | |
| Additional MRT: | $ | 0.00 | | | |
| TOTAL: | $ | 39,169.58 | | | |
| Recording Fee: | $ | 137.00 | | | |
| Affidavit Fee: | $ | 0.00 | | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**
Recorded/Filed  01-06-2020 09:40
City Register File No.(CRFN): 2020000003494

*Annette M Hill*
*City Register Official Signature*

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

[                                    ]
[                                    ]

*(space above this line for recorder's use only)*

**Fraleg Jefferson Corp,, a NY Corporation**, as grantor
(Grantor)

in favor of

**TAM LENDING CENTER, INC., STATE OF NEW JERSEY CORPORATION**, as beneficiary
(TAM Lending Center, Inc.)

**DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS,
SECURITY AGREEMENT AND FIXTURE FILING**

Dated:    Executed as of **December 10, 2019** for delivery as of
**December 10, 2019**

THIS SECURITY INSTRUMENT IS TO BE INDEXED AS BOTH A DEED OF TRUST AND A FIXTURE FILING FILED AS A FINANCING STATEMENT.

# DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS, SECURITY AGREEMENT AND FIXTURE FILING

This Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (this "Deed of Trust") is executed as of **December 10, 2019** for delivery as of **December 10, 2019**, by **Fraleg Jefferson Corp., a NY Corporation** ("Grantor"), having a mailing address of **198 Saint James Place Brooklyn, NY 11238**

in favor of

**TAM LENDING CENTER, INC.** (Lender), a **NJ Corporation,** having a mailing address of **1814 Route 70 E, Suite 200 Cherry Hill, NJ 08003**

RECITALS:

WHEREAS, Grantor has executed and delivered to TAM Lending Center, Inc. its promissory note dated this date ("Note"), payable to the order of TAM Lending Center, Inc. in the stated principal sum of **One Million Eight Hundred Thousand Nine Hundred Dollars and 00/100 ($1,800,900)** (the "Loan"), payable with interest and on the terms and conditions set forth therein, all of which are incorporated herein by reference. Grantor and TAM Lending Center, Inc. have executed a loan agreement dated this date ("Loan Agreement"), pursuant to the terms of which TAM Lending Center, Inc. has agreed to make the Loan to Grantor under the terms and conditions set forth therein, all of which are incorporated herein by reference. The Loan Agreement, the Note, this Deed of Trust, and any other document executed and delivered in connection with the Loan including, without limitation, any guaranty of, and any other collateral securing any of, Grantor's obligations under any of the Loan Documents are sometimes individually referred to herein as a "Loan Document" and collectively as the "Loan Documents".

NOW THIS DEED OF TRUST WITNESSETH, to secure the payment of the said indebtedness with interest as aforesaid and otherwise in accordance with the terms and conditions of the Note and all extensions, modifications and renewals thereof and the performance of the covenants and agreements contained herein, together with all other sums recoverable by TAM Lending Center, Inc. under the terms of the Loan Documents, together with all existing and future liabilities of Grantor to TAM Lending Center, Inc. under the Loan Documents or otherwise (said indebtedness, interest and all other sums and liabilities are hereinafter collectively referred to as the "Aggregate Debt"), and as security for the due and timely performance by Grantor of all of the other provisions of the Loan Documents, and intending to be legally bound hereby, and in consideration therefor, Grantor hereby GRANTS, BARGAINS, SELLS, ALIENATES, ENFEOFFS, CONVEYS, ASSIGNS, TRANSFERS, RELEASES, PLEDGES, and MORTGAGES to Trustee, in trust for the benefit of TAM Lending Center, Inc., all that certain real property, as more fully described in Exhibit A attached hereto and made a part hereof (the "Real Property"; the Real Property and any other collateral securing any of Grantor's obligations under any of the Loan Documents are hereinafter referred to collectively as the "Collateral");

TOGETHER WITH all right, title, and interest of Grantor in and to the following property rights and interests, which Grantor hereby assigns to Trustee for the benefit of TAM Lending Center, Inc. until the Aggregate Debt is paid (the Real Property together with the following property being hereinafter collectively called the "Mortgaged Property"):

This Agreement covers real property principally improved, or to be improved, by one or more structures containing, in the aggregate, not more than six (6) residential dwelling units with each dwelling unit having its own separate cooking facilities.

-2-

STANDARD DOC SET TEMPLATE – Security Instrument

(a)  all buildings and other improvements now or hereafter located on the Real Property ("Improvements");

(b)  all streets, lanes, alleys, passages, ways, water courses, easements, rights, liberties, privileges, tenements, hereditaments and appurtenances whatsoever thereunto belonging to or in any way made appurtenant hereafter, and the reversions and remainder, with respect thereto ("Appurtenances");

(c)  all machinery, apparatus, equipment, furniture, furnishings, fixtures, inventory, goods, appliances, and other property of every kind and nature whatsoever, together with replacements thereof and accessories, parts or accessions thereto, owned by Grantor or in which Grantor has or shall have an interest, and whether or not now or hereafter located on the Real Property, and any and all proceeds of any of the foregoing ("Equipment");

(d)  all building materials, building machinery and building equipment delivered on site to the Real Property during the course of, or in connection with, the construction of, or reconstruction of, or remodeling of any building and improvements from time to time during the term of this Deed of Trust ("Building Equipment");

(e)  all general intangibles relating to the development or use of the Real Property, including, but not limited to, all licenses, permits and agreements from or with all boards, agencies, departments, public utilities, governmental or otherwise, all names under which or by which the Real Property or Improvements may at any time be operated or known and all rights to carry on business under any such names or any variations thereof, all trademarks and goodwill in any way relating to the Real Property, all shares of stock or other evidence of ownership of any part of the Real Property owned by Grantor in common with others, and all documents of membership in any owners or members association or similar group having responsibility for managing or operating any portion or all of the Real Property ("Intangibles");

(f)  all awards or payments, including interest thereon, which may be made with respect to the Real Property and Improvements, whether from the exercise of the right of eminent domain (including any transfer made in lieu of the exercise of said right), or for any other injury to or decrease in the value of the Real Property or Improvements including, without limitation, all awards or payments of estimated compensation, all damages to the Real Property or Improvements resulting from any taking, all machinery and equipment dislocation expenses, all settlement amounts, all apportionments of taxes, reimbursement of attorneys and engineers fees, all moving expenses and all business dislocation expenses ("Awards");

(g)  all insurance policies covering the Real Property or Improvements and all proceeds of any unearned premiums on any such insurance policies including, without limitation, the right to receive and apply the proceeds of any insurance, judgments, or settlements made in lieu thereof, for damage to the Real Property or Improvements ("Insurance Policies");

(h)  all leases, agreements of sale and other agreements affecting the use or occupancy of any portion or all of the Real Property or Improvements, whether heretofore or hereafter executed and all rights to payment under any such lease or agreement ("Leases and Agreements");

(i)  all rents, receipts, issues, profits and other income of any and all kinds (including deposits) received or receivable and due or to become due from the sale or lease of any property, goods or materials or from the rendering of services including, but not limited to (i) the lease or sale of all or a portion of the Real Property or Improvements, or (ii) the operation of any income-producing facility on

the Real Property or Improvements (all of such proceeds, receipts and income are hereinafter referred to as the "Income and Rents" and all such rights are hereinafter referred to as the "Accounts Receivable");

(j) any securities or guaranties held by Grantor with respect to any of the Intangibles, Awards, Leases or Accounts Receivable, and any notes, drafts, acceptances, chattel paper, documents, or other instruments evidencing the same ("Securities");

(k) all funds deposited by Grantor with TAM Lending Center, Inc. pursuant to the Loan Agreement or otherwise, all reserves, deferred payments, deposits, refunds, cost savings and payments of any kind relating to the Improvements ("Deposits");

(l) all plans and specifications prepared for renovations to or construction of the Improvements and all studies, data and drawings related thereto; and also all contracts and agreements relating to the aforesaid plans and specifications or to the aforesaid studies, data and drawings, or to the renovations to or construction of Improvements ("Plans");

(m) the right, in the name and on behalf of itself or Grantor, to appear in or defend any action or proceeding brought with respect to the Real Property or Improvements (including without limitation, any condemnation or arbitration proceedings) and to commence any action or proceedings to protect the interest of TAM Lending Center, Inc. in the Real Property and Improvements;

(n) all refunds, rebates or credits in connection with reduction in real estate taxes and assessments charged against the Mortgaged Property as a result of tax certiorari or any applications or proceedings for reduction of taxes;

(o) all proceeds of any of the foregoing, including, without limitation, proceeds of insurance and condemnation awards, whether cash or otherwise ("Proceeds"); and

(p) any and all other rights of Grantor in and to the items set forth in subsections (a) through (o) above.

TO HAVE AND TO HOLD the Mortgaged Property unto Trustee for the benefit of TAM Lending Center, Inc., its successors and assigns forever. All right, title and interest of Grantor in and to all extensions, improvements, betterments, renewals, substitutes and replacements of, and all additions and appurtenances to the Mortgaged Property hereafter acquired by, or released to, Grantor or constructed, assembled or placed by Grantor on the Real Property, and all conversions of the security constituted thereby, immediately upon such acquisition, release, construction, assembling, placement or conversion, as the case may be, and in each such case, without any further mortgage, pledge, conveyance, assignment or other act by Grantor, shall become subject to the lien of this Deed of Trust as fully and completely, and with the same effect, as though now owned by Grantor and specifically described herein. Notwithstanding the foregoing, Grantor shall, at its own cost, make, execute, acknowledge, deliver and record any and all such further acts, deeds, conveyances, mortgages, notices of assignment, transfers, assurances and other documents as TAM Lending Center, Inc. shall from time to time require for better assuring, conveying, assigning, transferring and confirming unto TAM Lending Center, Inc. of the Mortgaged Property and the other rights hereby conveyed or assigned or intended now or hereafter so to be, or which Grantor may be or may hereafter become bound to convey or assign for carrying out the intention of facilitating the performance of the terms of this Deed of Trust. In addition, Grantor hereby agrees that this Deed of Trust is a security agreement under the Uniform Commercial Code and creates in TAM Lending Center, Inc. a security interest thereunder in, among other things, all Equipment, Building Equipment, Intangibles, Awards, Insurance Policies, Leases and Agreements, Income and Rents, Accounts Receivable, Securities, Deposits, Plans and Proceeds. Upon the filing of this Deed of Trust in

the office of the recorder of deeds in and for the county where the Real Property is located, this Deed of Trust shall also be effective as a financing statement filed in such office as a fixture filing. Grantor shall, at its own cost and expense, execute, deliver and file any financing statements, continuation certificates and other documents TAM Lending Center, Inc. may require from time to time to perfect and maintain in favor of TAM Lending Center, Inc. a security interest under the Uniform Commercial Code in such Equipment, Building Equipment, Intangibles, Awards, Insurance Policies, Leases and Agreements, Income and Rents, Accounts Receivable, Securities, Deposits, Plans and Proceeds. Without limiting the generality of any of the foregoing, Grantor hereby irrevocably appoints TAM Lending Center, Inc. attorney-in-fact for Grantor to execute, deliver and file any of the documents referred to hereinabove for and on behalf of Grantor. Grantor shall not change its principal place of business without giving TAM Lending Center, Inc. at least thirty (30) days' prior written notice thereof. Grantor hereby irrevocably authorizes TAM Lending Center, Inc. to prepare and file and/or record, as applicable, new financing statements from Grantor in the same form as the financing statements delivered to TAM Lending Center, Inc. on the date hereof except for the change of address and unless the standard form accepted by the State where the Real Property is located or where the Grantor was formed has changed, in which event such financing statement shall be in the new form. Upon any Event of Default hereunder or under any of the other Loan Documents, TAM Lending Center, Inc. shall have in addition to any other rights and remedies hereunder or under the other Loan Documents, all of the rights and remedies granted to a secured party under the Uniform Commercial Code with respect to all personal property. To the extent permitted by law, Grantor agrees that the items set forth on the financing statements shall be treated as part of the Real Property and Improvements regardless of the fact that such items are set forth on the financing statements.

PROVIDED ALWAYS, and these presents are upon this express condition, that if Grantor or its successors or assigns shall well and truly pay or cause to be paid unto TAM Lending Center, Inc., its successors or assigns, the Aggregate Debt secured by this Deed of Trust, and otherwise perform Grantor's obligations under the Loan Documents, then this Deed of Trust, and the estate hereby granted, shall cease, terminate and be void, and TAM Lending Center, Inc. shall furnish to Grantor a satisfaction of this Deed of Trust in proper form for recording, but TAM Lending Center, Inc. shall not be required to bear any expense or cost in connection with such satisfaction or the recording thereof.

THIS DEED OF TRUST also secures advances made by TAM Lending Center, Inc. with respect to the Mortgaged Property for the payment of taxes, assessments, maintenance charges, and insurance premiums, costs incurred by TAM Lending Center, Inc. for the protection of the Mortgaged Property or the lien of this Deed of Trust, including reasonable attorneys' fees, and expenses incurred by TAM Lending Center, Inc. by reason of the occurrence of an Event of Default hereunder, including reasonable attorneys' fees, and the priority of such advances, costs and expenses shall relate back to the date of this Deed of Trust, or to such later date as required by applicable law.

GRANTOR REPRESENTS AND WARRANTS TO AND COVENANTS WITH TAM Lending Center, Inc. and Trustee as follows:

1. <u>Title</u>. As of the date hereof (a) Grantor has good and marketable title to an indefeasible fee simple estate in the Mortgaged Property subject to no lien, charge, or encumbrance except for the Permitted Encumbrances (as defined in the Loan Agreement) and for the lien evidenced by this Deed of Trust; (b) this Deed of Trust is and shall remain a valid and enforceable first lien on the Mortgaged Property subject only to the matters referred to in subsection (a) hereof; (c) Grantor shall preserve such title, and all of its rights in and to the Mortgaged Property, and shall forever warrant and defend the validity and priority of the lien hereof against the claims of all persons and entities whomsoever, subject only to the matters referred to in subsection (a) hereof; and (d) Grantor has full power and lawful

authority to mortgage the Mortgaged Property and grant a security interest therein in the manner and form herein done or intended hereafter to be done.

2. Payment and Performance. Grantor shall:

(a) punctually pay the Aggregate Debt, in the amounts and at the times and places that the same may be due, and perform and comply with all of the terms, covenants, conditions and obligations contained in the Loan Documents;

(b) pay a late charge in the amount and as otherwise provided in the Loan Documents to cover the expense involved in handling such late payment; and

(c) pay on or before the due date thereof any indebtedness which may be secured by a lien or charge on the Mortgaged Property and upon request of TAM Lending Center, Inc. exhibit satisfactory evidence of the discharge thereof.

3. Taxes and Other Charges. Subject to the provisions of Section 5 hereof, Grantor shall pay all taxes of every kind and nature (including real and personal property, income, gross receipts, franchise, profits, sales and withholding taxes), all general and special assessments, water and sewer rents and charges, and all levies, permits, inspection and license fees and other public charges now or hereafter levied or assessed against the Mortgaged Property as liens or assessments (hereinafter individually called a "Tax" and collectively the "Taxes") as the same shall become due and payable from time to time and before interest or penalties accrue thereon; provided, however, that Grantor shall not be required to pay any Tax to the extent that nonpayment thereof is permitted while the validity thereof is being contested, so long as (a) Grantor notifies TAM Lending Center, Inc. in writing of its intention to contest the validity thereof, (b) the validity thereof is being contested in good faith by Grantor, (c) Grantor deposits with TAM Lending Center, Inc. if TAM Lending Center, Inc. so requests an amount deemed sufficient to make such payment if the contest is unsuccessful and (d) no Event of Default is continuing nor does there exist any fact or circumstance which with notice or the passage of time or both could constitute an Event of Default. Notwithstanding the foregoing, Grantor shall under no circumstances permit the Mortgaged Property to be sold or advertised for sale for nonpayment of any Tax. Grantor shall not apply for or claim any deduction from the taxable value of the Mortgaged Property because of the existence of the Note or this Deed of Trust. Subject to Grantor's right to contest any Tax as hereinabove provided, Grantor shall deliver to TAM Lending Center, Inc. receipts evidencing the payment of such Tax on or before the last day on which any Tax may be paid without interest or penalties or as soon thereafter as such receipts are available.

4. Insurance. Grantor shall provide and maintain in force at all times (a) hazard/casualty insurance insuring all Improvements, Building Equipment and Equipment which now are or hereafter become a part of the Mortgaged Property for perils covered by an all risk insurance policy with an ordinance or law coverage endorsement containing both replacement costs and agreed amount endorsements or options naming TAM Lending Center, Inc., as "First Mortgagee and First Loss Payee/TAM Lending Center, Inc.'s Loss Payable" in an amount equal to 100% of the full replacement cost; (b) commercial general liability insurance for the Mortgaged Property, naming TAM Lending Center, Inc. as an additional insured protecting Grantor and TAM Lending Center, Inc. against liability for bodily injury or property damage occurring in, on or adjacent to the Mortgaged Property in commercially reasonable amounts, with a combined single limit of not less than One Million Dollars ($1,000,000.00) per occurrence for each person and for property damage; (c) boiler and machinery insurance if the Mortgaged Property has a boiler; (d) rental value insurance for the perils specified herein for one hundred percent (100%) of the rents (including operating expenses, real estate taxes, assessments and insurance costs which are any lessee's liability) for a period of twelve (12) months; and (e) insurance