**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

**IN RE:**

**Fraleg Group Inc.,**

**Debtor**

-----------------------------------------------------------X

Chapter 11

Case No.: 1-21-42322-jmm

Hon. Jil Mazer-Marino
United States Bankruptcy Judge

## DEBTOR'S OBJECTION TO THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY

The Debtor, Fraleg Group Inc., through counsel Francis E. Hemmings, Esq., of Hemmings & Snell LLP, respectfully submits the following affirmation objecting to CAF Borrower GS LLC, (hereinafter known as the "Lender"), motion for relief from the automatic stay.

1. To obtain relief from the automatic stay pursuant to § 362(d), a creditor must show the court that its interest in the debtors property is sufficiently clear and in need of protection to justify the property from the normal course of bankruptcy proceedings. *See Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc., 157 F.3d 169 (2nd Cir. 1998).* The Debtor's property in the matter at hand is, (1) a multifamily building located at 112 North Walnut Street, East Orange, NJ in which Lender has an interest, and (2) a vacant land lot located at 116 North Walnut Street, East Orange, NJ, are real property, and is safe.

2. The automatic stay provision is designed to forfend against the disorderly piecemeal dismemberment of the debtor's estate outside the bankruptcy proceedings. Granting the requested relief at this juncture would defeat the Debtor's pending right to redeem the property.

3. Debtor is compliant with bankruptcy requirements and maintains a policy of insurance on the building.

4. Lender's motion state that the total payoff as of 9/14/21 was $4,689,000.00, including Principal of $4,550,000.00, Interest of $768,131.65, Default Interest of $451,837.10, and other fees and charges of $93,990.89. The appraisal value of the premises in which Lender has an interest is $3,650,000.00. As such lender is under-secured.

5. Lender is an under-secured creditor moving the court to lift the stay thereby allowing it to foreclose on the property. However, the right to foreclose is not a cause or basis to lift the automatic stay. While an under-secured creditor is entitled to the protection of the value of the collateral, it is not entitled to current interest or other compensation for lost opportunities.

6. Lender accuses Debtor of being dishonest in its filing as a result of not listing the vacant lot on Schedule A/B. This omission of the premises was an honest oversight, in a last minute an rushed bankruptcy filing without all the facts available. Likewise, Mr. Fraser's testimony at the § 341 hearing, wherein he stated that the premises was owned by Mr. Alege was also a honest misstatement. As permitted, Schedule A/B was amended listing the vacant lot as property owned by Debtor.

7. Lender accuses the Debtor of making a "bad faith" bankruptcy since it was filed on the eve of a foreclosure sale of Debtor's property by Lender. However, this is the essence and nature of most bankruptcy filings. Bankruptcy is meant to provide a debtor with a chance to rebuild when they can no longer contain or control the situation. The reality of this matter is that Lender wanted to foreclose so as to recoup as much money as possible from the prior scheduled foreclosure sale and the only way for Debtor to protect its interest was to file a bankruptcy petition. Essentially lifting the stay is a further opportunity to foreclose.

8. Debtor's stated intention is to refinance the premises with a new loan, and from proceeds of the new loan, repay and satisfy Lender in full. Debtor has made significant progress in

this process and is close to securing a loan commitment. As soon as received, debtor will provide this Court and Lender with a copy of the loan commitment

       WHEREFORE, the debtor respectfully requests that lender's motion for relief from the automatic stay be denied in all aspects and that debtor be afforded the opportunity to complete it's refinancing efforts.

Dated:  January 12, 2022
       New York, New York

                                      */s/ Francis E. Hemmings*
                                      Francis E. Hemmings
                                      Hemmings & Snell LLP
                                      30 Wall Street, 8th Floor
                                      New York, New York 10005
                                      (212) 747-9560

                                      *Counsel for Debtor*