**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
In re:                                                                                  **Chapter 11**
**Fraleg Jefferson Corp.,**

                                                                                            **Case No.: 1-22-43064-ess**

                       **Debtor.**                                               **Hon. Elizabeth S. Strong**
                                                                                            **United States Bankruptcy Judge**

-------------------------------------------------------------X

## DEBTOR'S OBJECTION TO THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY

The Debtor, Fraleg Jefferson Corp., through its counsel Francis E. Hemmings, Esq., of the Law Offices of Francis E. Hemmings, PLLC, respectfully submit the following affirmation objecting to I R P  F U N D  I I  T R U S T  2 A ' s , (hereinafter known as the "Secured Creditor"), motion for relief from the automatic stay.

1.      To obtain relief from the automatic stay pursuant to § 362(d), a creditor must show the court that its interest in the debtors property is sufficiently clear and in need of protection to justify the property from the normal course of bankruptcy proceedings. *See Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc., 157 F.3d 169 (2nd Cir. 1998).* The Debtor's property in the matter at hand is a multi-family residence located at, and commonly known as, 15 Jefferson Avenue, Brooklyn, NY 11238. The property is occupied by the one tenant. The premises serves as the tenant's primary residence. Neither the Debtor nor the tenant has any intention of laying waste to the premises. The premises is well maintained, insured, and is safe.

2.      The automatic stay provision is designed to forfend against the disorderly piecemeal dismemberment of the debtor's estate outside the bankruptcy proceedings. Granting the requested relief at this juncture would defeat the pending right to redeem the property.

3.      The Debtor has respected the bankruptcy process and is compliant with bankruptcy rules and requirements, including the establishing of a Debtor-In-Possession bank account, maintaining a policy  of insurance on the property, and preparing and filing its monthly operating reports.

4.      The Debtor's stated intention as expressed at the § 341 Meeting of Creditors hearing, is to satisfy its obligation to Secured Creditor by refinancing the loan and paying Secured Creditor in full, or a mutually agreed upon amount. Since filing its petition on December 8, 2022, the Debtor has engaged a lender and is confident that this will result in a successful refinancing of the debt. Debtor has also reached out to Secured Creditor seeking a reduction of the amount owed, a short-payoff.  As soon as an amount can be determined by Secured Creditor, Debtor and its new lender can move to closing the new loan quickly.  This process should take no more than between four to six weeks and Debtor respectfully request that the automatic stay remain in force to facilitate this process.  Debtor will update the court and Secured Creditor as to the progress being made in the obtaining the payoff loan.

5.      The Debtor is willing to make adequate post-petition protection payments in an effort to satisfy the Secured Creditor's concerns, in exchange for granting the time to complete the refinancing process.

6.       Secured Creditor is essentially moving the court to lift the stay thereby allowing it to foreclose on the property.  However, the right to foreclose is not a cause or basis to lift the automatic stay.

7.      The reality of this matter is that Secured Creditor wanted to foreclose so as to recoup as much money as possible from the prior scheduled foreclosure sale, and the only way for Debtor to protect its interest was to file a bankruptcy petition.  Essentially lifting the stay is a further

opportunity to foreclose on the Debtor.

WHEREFORE, the Debtor respectfully objects to Secured Creditor's motion to lift the automatic stay and hereby requests that the motion for relief from the automatic stay be denied in all aspects and that Debtor be afforded the opportunity to complete its refinancing efforts.

Dated: March 6, 2023
      Laurelton, New York

                                     */s/ Francis E. Hemmings*
                                       Francis E. Hemmings
                                       Law Offices of Francis E. Hemmings PLLC
                                       228-18 Mentone Avenue
                                       Laurelton, New York 11413
                                       Tel.: (212) 747-9560
                                       *Counsel for Debtor*