UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

                                  Chapter 11

Fraleg Jefferson Corp.,                          Case No:  22-43064-ess

               Debtor.
---------------------------------------------------------X

## ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM, APPROVING THE FORM AND MANNER OF NOTICETHEREOF

Upon the application of  Fraleg Jefferson Corp.,  the above-captioned debtor and debtor

in possession (the "Debtor") for an order, pursuant to Federal Rule of Bankruptcy Procedure

("Bankruptcy Rule") 3003(c)(3), fixing a deadline and establishing procedures for filing proofs

of claim and approving the form and manner of service thereof, and it appearing that the relief

requested is in the best interests of the Debtor, its estate, and creditors and that adequate notice

has been given and that no further notice is necessary; and after due deliberation and good and

sufficient cause appearing therefor, it is hereby

**ORDERED**, that, except as otherwise provided herein, all persons and entities,

(including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and

governmental units) that assert a claim, as defined in Section 101(5) of title 11 of the United

States Code (the "Bankruptcy Code"), against the Debtor which arose on or prior to the filing of

the Chapter 11 petition on December 8, 2022, shall file a proof of such claim in writing or

electronically on the Court's website at www.nyeb.uscourts.gov so that it is received on or before

**June 6, 2023**; and it is further

**ORDERED**, that notwithstanding any other provision hereof, proofs of claim filed by

governmental units must be filed June 6, 2023, the first business day that is 180 days after the

order for relief entered in this case; and it is further

**ORDERED**, that the following procedures for the filing of proofs of claim shall apply:

(a)         Proofs of claim must conform substantially to Official Bankruptcy Form No. 410;

(b)         Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("**CM/ECF**") system. Those without accounts with the CM/ECF system may electronically create and file proofs of claim through the "File A Proof of Claim" link on the Court's website at www.nysb.uscourts.gov or by mailing or delivering the original proof of claim to the United States Bankruptcy Court, Eastern District of New York, Conrad B. Duberstein U.S. Bankruptcy Courthouse, 271 Cadman Plaza East, Suite 1595, Brooklyn, New York 11201-1800. Those without accounts to the CM/ECF system can also file proofs of claim electronically at: www.nyeb.uscourts.gov/electronic-filing-proof-claim-epoc by selecting "File a Claim." This application does not require a login and password;

(c)         Proofs of claim will be deemed filed only when <u>received</u> by the Clerk of the BankruptcyCourt on or before the Bar Date;

(d)         Proofs of claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and, (iv) be denominated in United States currency; and it is further

**ORDERED**, that the following persons or entities need not file a proof of claim on or prior to the Bar Date:

(a)         Any person or entity that has already filed a proof of claim against the Debtor in this case with the Clerk of the Bankruptcy Court for the Eastern District of New York

in a form substantially similar to Official Bankruptcy Form No. 410;

(b)                                Any person or entity whose claim is listed on the Schedules of
Assets and Liabilities filed by the Debtor (collectively, the "Schedules") [Docket Entry No. 1], if
(i) the claim is not scheduled as "disputed," "contingent" or "unliquidated"; and (ii) the claimant
agrees with the amount, nature and priority of the claim as set forth in the Schedules; [and (iii)
the claimant does not dispute that the claim is an obligation of the specific Debtor against which
the claim is listed in the Schedules];

(c)                                Any holder of a claim that has already been allowed in this case
by order of the Court;

(d)                                Any holder of a claim for which a different deadline for filing a
proof of claim in this case has already been fixed by this Court; or

(e)                                Any holder of a claim allowable under sections 503(b) and
507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate; and it is
further

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of
an executory contract or unexpired lease, as to which the order authorizing such rejection is
dated on or before the date of entry of this Order, must file a proof of claim based on such
rejection on or before the later of the Bar Date or the date that is 30 days after the date of the
order authorizing such rejection, and any person or entity that holds a claim that arises from the
rejection of an executory contract or unexpired lease, as to which an order authorizing such
rejection is dated after the date of entry of this Order, must file a proof of claim on or before such
date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED**, that holders of equity security interests in the Debtor need not file proofs of interest with respect to the ownership of such interests, but if any such holder has a claim against the Debtor (including a claim relating to an equity interest or the purchase or sale of the equity interest), a proof of claim shall be filed on or prior to the Bar Date; and it is further

**ORDERED**, that if the Debtor amends or supplements the Schedules after the date of this Order, the Debtor shall give notice of any amendment or supplement to the holders of claims affected thereby, and holders of such claims shall have 30 days from the date of service of the notice to file proofs of claim and shall be given notice of that deadline; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), all holders of a claim that fails to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to that claim for purposes of voting and distribution; and it is further

**ORDERED**, that notice of the Bar Date substantially in the form annexed hereto is approved and shall be deemed adequate and sufficient if served by first-class mail at least 35 days prior to the Bar Date on:

(a)        the United States Trustee;

(b)        counsel to each official committee;

(c)        All persons or entities that have requested notice of the proceedings in this case;

(d)        All persons or entities that have filed claims in this case;

(e)            All creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

(f)            All parties to executory contracts and unexpired leases of the Debtor;

(g)            All parties to litigation with the Debtor;

(h)            The Internal Revenue Service for the district in which the case is pending and, if  required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units; and it is further

**ORDERED**, that the Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that entry of this Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.



Dated: Brooklyn, New York
       March 16, 2023

                                              Elizabeth S. Stong
                                       United States Bankruptcy Judge