UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────X

In re                                                                    Chapter 11

FRALEG JEFFERSON CORP.,                          Case No.: 22-43064-ESS

                Debtor.
──────────────────────────────────X

## **AFFIRMATION OF NO OBJECTION TO DISMISSAL OF THIS CASE.**

**TO: THE HONORABLE ELIZABETH S. STRONG**
     **UNITED STATES BANKRUPTCY JUDGE**

      The Debtor, Fraleg Jefferson Corp., by and through its attorney Francis E. Hemmings, Esq., submit this affirmation stating no objection to dismissal of its chapter 11 case for the reasons below:

## **CASE BACKGROUND**

1. Fraleg Jefferson Corp, (the "Debtor"), filed a voluntary petition under chapter 11 of the Bankruptcy Code on December 8, 2022 primarily to stop a foreclosure sale as a result of non-payment of a mortgaged loan.

2. The Debtor has remained in control of its property as debtor-in-possession.

3. The Debtor has one secured creditor, namely IRP Fund II Trust 2A.

4. The Debtor's main asset is real property located at 15 Jefferson Avenue, Brooklyn, NY 11238.

5. The property is a multi-family residential building.

6. The Debtor has established and maintained its debtor in possession bank account and evidence of this account has been submitted to the United States Trustee.

7. The Debtor has filed its operating reports.

8. The Debtor maintains an insurance policy on the premises, evidence of which was given to the United States Trustee.

9. At a section 341 hearing held on January 9, 2022, Debtor stated that its intention was to refinance the secured creditor's loan and to repay the secured creditor in full or at a negotiated amount.

10. At a case management hearing held on February 12, 2023, Debtor also stated that it intended to repay the secured creditor in full or at a lesser negotiated amount .

11. On February 16, 2023 the secured creditor filed a motion to lift the automatic stay and said motion was granted on June 20, 2023 with the lift stay order to be effective on July 21, 2023.

12. On August 7, 2023, the United States Trustee filed a motion to dismiss this case or in the alternative, to convert the case to a chapter 7 case.

13. The Debtor does not object to the dismissal of this case, but respectfully objects to the case being converted to a chapter 7 case.

## ARGUMENT

### I. Dismissal of the Case

14. The Debtor does not object to a dismissal of the case as the Debtor's intent from the initial filing of the petition was to refinance the secured creditor's loan and repay the creditor.

15. The Debtor has secured financing and stands ready to repay the loan.

16. Payment of the claims will be made immediately after a closing upon which point the purpose of the bankruptcy protection will have served its purpose in preserving the Debtor's estate.

**II.** **Conversion to chapter 7**.

17.     Conversion of the case to a chapter 7 case is not in the best interest of the Debtor or the secured creditor. The premises is owned by the Debtor, encumbered only by the secured creditor's mortgage. Upon payment of the claims, the Debtor will have no other obligation to any other party and no creditor will have been harmed. Conversion to chapter 7 will essentially deprive the Debtor of its asset and will also deprive the secured creditor from receiving payment.

18.     The premises is insured and poses no harm to the public.  Conversion of the case to chapter 7 is not in the best interest of the Debtor nor the public.

**WHEREFORE**, based on the foregoing reasons, Debtor has no objection to the dismissal of the case by Judge Strong, and Debtor respectfully request that this case not be converted to a chapter 7 case.

Dated:  Queens, New York
        August 7, 2023

LAW OFFICES FRANCIS E. HEMMINGS PLLC
*Attorney for the Debtor*

*/s/ Francis E. Hemmings*
Francis E. Hemmingd, Esq.
228-18 Mentone Avenue
Laurelton, NY 11413
Tel.: (212) 747-9560